# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JESSIE JAMES DUPLANTIS** <br> LA. DOC #318660 <br> VS. <br><br> **DARRYL VANNOY** | **CIVIL ACTION NO. 6:17-CV-01558** <br><br> **SECTION P** <br><br> **UNASSIGNED DISTRICT JUDGE** <br><br> **MAGISTRATE JUDGE HANNA** |

## MEMORANDUM ORDER

Pro se petitioner Jessie James Duplantis, a prisoner in the custody of Louisiana's Department of Corrections, filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. §2254 on November 28, 2017. Petitioner attacks his 2012 conviction for sexual battery and the life sentence imposed thereon by the Fifteenth Judicial District Court, Vermilion Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Background*

On September 14, 2010, petitioner was indicted on one charge of sexual battery, in violation of La. R.S. 14:43.1. He was found guilty as charged by a jury on September 12, 2012, in the Fifteenth Judicial District Court, Vermilion Parish, and sentenced to life in prison, in Docket Number 53049. He filed a direct appeal in the Third Circuit Court of Appeals, bearing Docket Number 13-424 on an unknown date, raising the following issues: (1) insufficient evidence; (2) admission of evidence of convictions of others was error; (3) trial court erred in allowing a recorded interview of the minor child to be introduced when it was not provided to the defense prior to trial; (4) verdict was unconstitutional, as it was not unanimous; and (5) excessive sentence. On November 27, 2013, the Third Circuit affirmed the sentence and conviction. *State v. Duplantis*, 2013-424 (La.

App. 3 Cir. 11/27/13), 127 So.3d 143. Petitioner applied for writs of certiorari in the Louisiana Supreme Court, and on September 19, 2014, his writ application was denied. *State v. Duplantis*, 2014-KH-0283 (La. 9/19/14), 148 So.3d 949. He did not apply for certiorari in the United States Supreme Court. [Rec. Doc. 1, p.2, ¶9(h)]

Petitioner filed an application for post-conviction relief in the trial court on an unknown date, which was denied. According to the petition before this Court, the following issues were raised: (1) ineffective assistance of counsel due to conflict between petitioner and court appointed trial counsel; (2) ineffective assistance of counsel due to trial counsel's failure to file a motion to quash the amended indictment for lack of true bill endorsement by the grand jury foreman; (3) ineffective assistance of counsel for failure to file motion to quash indictment not brought in open court by grand jury; (4) ineffective assistance of counsel for failure of trial counsel to sufficiently cross-examine the minor victim as to his prior videotaped interview and trial testimony; (5) ineffective assistance of counsel prior to start of trial; and (6) ineffective assistance of counsel. [Rec. Doc. 1-2, pp. 4-5] He filed a writ application in the Third Circuit Court of Appeal, Docket Number KH-15-01191, on an unknown date, which was denied. Finally, on an unknown date, he filed an application for supervisory and/or remedial writs in the Louisiana Supreme Court, which was denied on September 22, 2017. *State ex rel. Duplantis v. State*, 16-KH-0874 (La. 9/22/17), 226 So.3d 448.

Petitioner filed the instant petition on November 28, 2017, raising the following claims: (1) insufficient evidence; (2) admission of evidence of convictions of others was error; (3) trial court erred in allowing a recorded interview of the minor child to be introduced when it was not provided to the defense prior to trial; (4) verdict was unconstitutional, as it was not unanimous; (5) excessive sentence; (6) ineffective assistance of counsel due to conflict between petitioner and court appointed

trial counsel; (7) ineffective assistance of counsel due to trial counsel's failure to file a motion to quash the amended indictment for lack of true bill endorsement by the grand jury foreman; (8) ineffective assistance of counsel for failure to file motion to quash indictment not brought in open court by grand jury; (9) ineffective assistance of counsel for failure of trial counsel to sufficiently cross-examine the minor victim as to his prior videotaped interview and trial testimony; (10) ineffective assistance of counsel prior to start of trial; and (11) ineffective assistance of counsel.

*Amend Order*

Before reaching the merits of a *habeas* claim, a preliminary review of the pleadings and exhibits is conducted in order to determine whether the petitioner has exhausted all available state remedies prior to filing his petition in federal court;[1] whether the petition is time-barred by the provisions of 28 U.S.C. § 2244(d)(1);[2] and/or whether any of the claims raised are subject to the

---

[1] *Habeas* petitioners cannot collaterally attack state court convictions in federal court until all available state court remedies have been exhausted. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). This requirement is not a jurisdictional bar but a procedural one erected in the interest of comity providing state courts first opportunity to pass upon and correct alleged constitutional violations. *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509, 30 L.Ed.2d 438, 443 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). See also, 28 U.S.C. § 2254(b)(1)(A) and (B) – "An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – the applicant has exhausted the remedies available in the courts of the State; or there is an absence of available State corrective process; or circumstances exist that render such process ineffective to protect the rights of the applicant."

[2] "A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review..."
\* \* \*
The time during which a properly filed application for State post-conviction or other collateral review ... is pending shall not be counted toward any period of limitation under this subsection."

procedural default doctrine.[3]

Therefore,

**IT IS ORDERED THAT** petitioner amend his pleading within forty (40) days of this order and provide the following information and documents:

1. **DATED** copies of **ALL** post-conviction pleadings filed by petitioner in the Fifteenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court; and

2. Copies of the Orders/Judgments/Reasons for Judgment of the Fifteenth Judicial District Court, the Third Circuit Court of Appeals, and the Louisiana Supreme Court addressing petitioner's post-conviction claims.

In the event petitioner is unable to provide **DATED COPIES** he may prove the date of filing by other means, such as prison mail logs, etc.

In Chambers, Lafayette, Louisiana January 23, 2018.

PATRICK J. HANNA
**UNITED STATES MAGISTRATE JUDGE**

---

[3] The procedural default doctrine bars federal *habeas corpus* review when a state court declines to address a petitioner's federal claims because the petitioner has failed to follow or has been defaulted by a state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 729, 111 S.Ct. 2546, 2553-54, 115 L.Ed.2d 640 (1991). "[I]n all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal *habeas* review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* at 750-51. This doctrine ensures that federal courts give proper respect to state procedural rules. *Id.* Furthermore, the doctrine presumes that a state court's express reliance on a procedural bar functions as an independent and adequate ground in support of the judgment. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1996).