UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **JESSIE JAMES DUPLANTIS #318660** | **CASE NO. 6:17-CV-01558 SEC P** |
| **VERSUS** | **JUDGE ROBERT R. SUMMERHAYS** |
| **DARREL VANNOY** | **MAGISTRATE JUDGE HANNA** |

## RULING ON OBJECTIONS

Jessie James Duplantis, Petitioner in this matter, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [Doc. No. 1] on November 28, 2017, asserting several assignments of error by the trial court in his state criminal proceeding. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation [Doc. No. 16] on July 8, 2019. Petitioner filed an "Objection to the Magistrate's [sic] Judge Report and Recommendation" [Doc. No. 17], assigning errors by the Magistrate Judge. Defendant Darrel Vannoy filed a memorandum in support of the Report and Recommendation [Doc. No. 18] on August 5, 2019. The Court finds only one portion of one objection asserting ineffective assistance of counsel warrants further discussion. For the reasons stated in the Report and Recommendation, as supplemented herein, the Petition for writ of habeas corpus is DISMISSED WITH PREJUDICE.

As recited in the Report and Recommendation, Jessie James Duplantis was convicted on September 12, 2012 of sexual battery of a minor, and was sentenced to life in prison. [Doc. No. 16 at 7] He filed a direct appeal in the Third Circuit Court of Appeals, which affirmed the sentence and conviction. Duplantis applied for a writ of certiorari in the Louisiana Supreme Court, which was denied. *Id.* at 7-8. Duplantis applied to the state district court for post-conviction relief on June 27, 2015, which was denied on November 19, 2015. *Id.* at 8.

Petitioner asserts several grounds for habeas relief, including the insufficiency of his trial counsel. Duplantis argues that his counsel, among other things, failed sufficiently to impeach the victim witness, who was nine years old at the time of trial [Doc. No. 10-109 at 154], with purported inconsistencies in the witness' testimony. [Doc. No. 1-4 at 32-35] After an independent review of the record and law, this Court agrees with the findings in the Report and Recommendation under the applicable law. Duplantis, however, objects to the findings with respect to his ineffective assistance claim and the sufficiency of defense counsel's cross-examination of the victim. [Doc. No. 17]

Duplantis contends that there were material discrepancies within the victim's trial testimony, between the victim's trial testimony and an interview he gave during the criminal investigation, and between the testimony of the victim and other witnesses. [Doc. No. 1-4 at 32-33] Duplantis argues that because his attorney failed sufficiently to cross-examine the victim witness regarding these inconsistencies, Duplantis was denied a fundamentally fair trial and effective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution. *Id.* at 35.

In order to be entitled to habeas relief for ineffective assistance of counsel, a petitioner must demonstrate: (1) that his counsel's performance was deficient, which requires a showing that counsel made errors so serious that the attorney failed to function as "counsel" as guaranteed by the Sixth Amendment, and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. [Doc. No. 16 at 29 (*citing Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064 (1984))]. To satisfy the first prong, the petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* The court should "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

assistance." *Id.* The second prong requires the petitioner to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 104 S.Ct. at 2055-56. The petitioner must show prejudice great enough to create a substantial, rather than conceivable, likelihood of a different result. *Pape v. Thaler*, 645 F.3d 281, 288 (5th Cir.2011) (*quoting Cullen v. Pinholster*, 563 U.S. 170, (2011)). "Both of [*Strickland*'s] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566-67 (5th Cir. 2014).

After a review of the trial transcript [Doc. No. 10-110 at 163-74], the Court finds that defense counsel's cross-examination of the victim witness does not fall below an objective standard of reasonableness, and thus Petitioner does not meet the first prong of the *Strickland* analysis. Whether and how to emphasize inconsistencies in testimony is a strategic or tactical choice, as antagonizing the victim runs the risk of alienating the finder of fact. It is not objectively unreasonable for counsel to err on the side of caution in an attempt not to alienate a jury in such a situation. *See Pitts v. Tanner,* No. 6:14-CV-3415, 2015 WL 10045174, at *18 (W.D. La. Dec. 14, 2015), *report and recommendation adopted*, No. 6:14-CV-3415, 2016 WL 554884 (W.D. La. Feb. 10, 2016); *see also Landry v. Cain*, No. CV 14-0372-SDD-EWD, 2017 WL 4545212, at *7-8 (M.D. La. Aug. 28, 2017), *report and recommendation adopted*, No. CV 14-372-SDD-EWD, 2017 WL 4544604 (M.D. La. Oct. 11, 2017)). Furthermore, defense counsel addressed any alleged inconsistencies through the examination of other witnesses. [*see, e.g.,* Doc. No. 10-110 at 203-05] Defense counsel's closing argument also centered on undermining the victim's credibility, and specifically drew attention to the kinds of inconsistencies of which Petitioner complains. [Doc. No. 10-110 at 240-44] Therefore, the Court finds no merit in the contention that defense

counsel's performance failed an objective test of reasonability, or that a more vigorous cross-examination would have caused a different result. Petitioner's request for relief based on his counsel's cross-examination of the victim witness is denied.

As stated above, the Court agrees with the findings and conclusions in the Report and Recommendation of the Magistrate Judge. For those reasons and for the reasons given above, and considering the objections to the Report and Recommendation in the record, the Court will issue a judgment DISMISSING the petition for writ of habeas corpus WITH PREJUDICE.

THUS DONE in Chambers on this 19th day of September, 2019.

ROBERT R. SUMMERHAYS
UNITED STATES DISTRICT JUDGE